Case 4:25-cv-04315   Document 10   Filed on 10/08/25 in TXSD   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
October 08, 2025
Nathan Ochsner, Clerk

SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IRFANBHAI KASAMBHAI MANASIYA, *et al.*, | § § § | |
| *Plaintiffs*, | § § | CASE NO. 4:25-CV-4315 |
| v. | § § | |
| JOSPEH EDLOW, | § § | |
| *Defendant*. | § | |

# JUDGE DENA PALERMO'S
# REPORT AND RECOMMENDATION[1]

This is an immigration case. ECF No. 1. Plaintiffs are *pro se*. Numerous court notices and filings have been returned undeliverable. ECF Nos. 5, 6, 7, 8. On September 29, 2025, the Court ordered Plaintiffs to update their contact information with the Clerk's Office by October 7, 2025. ECF No. 9. The Court warned Plaintiffs that should they fail to comply, their case would be dismissed for want of prosecution. ECF No. 9. Because Plaintiffs failed to prosecute this action and comply with the Court's order, the Court recommends that the case be dismissed under Federal Rule of Civil Procedure 41(b).

Pursuant to this rule, the Court "has the inherent authority to dismiss an action *sua sponte* for failure to prosecute, with or without notice to the parties," which flows from the Court's "inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Castillo v. Becka*, No. 2:21-CV-00162, 2022 WL

---

[1] The district judge to whom this case is assigned referred all pre-trial proceedings to the undersigned. Referral Notice, ECF No. 3.

5264612, at *2 (S.D. Tex. Aug. 31, 2022), *adopted*, No. 2:21-CV-00162, 2022 WL 5264650 (S.D. Tex. Oct. 6, 2022) (quoting *Clofer v. Perego*, 106 F.3d 678, 679 (5th Cir. 1997) (*per curiam*); *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962))).

Generally, a dismissal for want of prosecution is without prejudice. *Id.* at *3 (*Ray v. Johnson & Johnson*, No. 1:20-CV-129-DMB-RP, 2021 WL 1030987, at *1 (N.D. Miss. Mar. 17, 2021)). "[A] dismissal with prejudice for failure to prosecute is an extreme sanction which is to be used only when the integrity of the judicial process is threatened by plaintiff's conduct in such a way that the court is left with no choice except to deny that plaintiff its benefits." *Id.* (citing *Gist v. Lugo*, 165 F.R.D. 474, 477 (E.D. Tex. 1996) (citing *McNeal v. Papasan*, 842 F.2d 787, 790 (5th Cir. 1988))).

Rule 41(b) dismissal is "an extreme sanction" which requires: (1) a clear record of delay or contumacious conduct by Plaintiff; and (2) a finding that lesser sanctions would be, or proved to be, futile. *See id.* (citing *Berry v. CIGNA/RSI-CIGNA,* 975 F.2d 1188, 1191 (5th Cir. 1992); *McNeal,* 842 F.2d at 790). Frequently, the Court requires proof of at least one aggravating factor: (1) the delay is caused by the Plaintiff and not Plaintiff's attorney, (2) Defendant was prejudiced because of the delay, or (3) the delay is intentional. *Lancon v. Stafflink, Inc.*, No. C.A. H-182051, 2019 WL 1046951, at *2 (S.D. Tex. Feb. 5, 2019), *adopted*, No. CV H-18-2051, 2019 WL 1040980 (S.D. Tex. Mar. 5, 2019) (citing *Papasan,* 842 F.2d at 790; *Sturgeon v. Airborne Freight Corp.*, 778 F.2d 1154, 1159 (5th Cir. 1985)).

Plaintiffs have failed to keep their contact information current on CM/ECF, ordered by the Court. ECF Nos. 5, 6, 7, 8 (returned mail). Further, Plaintiffs have not taken any action to prosecute this case since filing their complaint on September 11, 2025—Plaintiffs have not asked for summons to be issued or otherwise taken steps to serve Defendant. These facts constitute a clear record of delay Plaintiff's failure to prosecute this case caused. *Vasquez v. United States Citizenship & Immigration Services*, No. 2:23-CV-00320, 2024 WL 1078304, at *1–2 (S.D. Tex. Feb. 6, 2024), *adopted*, No. 2:23-CV-00320, 2024 WL 1259260 (S.D. Tex. Mar. 25, 2024) (dismissing without prejudice *pro se* litigants' claims for failing to keep the Court informed of their current address); *Martinez-Reyes v. United States*, No. 7:14-CV-341, 2016 WL 8740494, at *4 (S.D. Tex. Oct. 10, 2016) (concluding dismissal was required "given that the last court document was returned as undeliverable and the Court thus" could not communicate with plaintiff), *adopted*, 2017 WL 1409315 (S.D. Tex. Apr. 20, 2017). Furthermore, the Court unsuccessfully admonished Plaintiff, a lesser sanction. Order, ECF No. 9. In the order, the Court warned Plaintiffs that their failure to update their contact information and otherwise prosecute their case may result in the case being dismissed for lack of prosecution. *Id.* The Court finds that sanctions other than dismissal would be pointless, especially given the Court's inability to correspond with Plaintiffs due to their failure to update their contact information. It appears that Plaintiffs have abandoned their suit.

Nonetheless, the Court recommends that Plaintiffs' case be dismissed without

prejudice. Although Plaintiffs are proceeding *pro se* and these failures fail squarely on their shoulders, there is an insufficient record to find Defendants were prejudiced, or the delay was intentional. *See Lancon*, 2019 WL 1046951, at *2. On this record, dismissal with prejudice is not appropriate. FED. R. CIV. P. 41(b); *see Castillo*, 2022 WL 5264612, at *2.

Therefore, the Court **RECOMMENDS** that this lawsuit be **DISMISSED WITHOUT PREJUDICE** under Federal Rule of Civil Procedure 41(b).

**The Parties have fourteen days from service of this Report and Recommendation to file written objections. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Failure to file timely objections will preclude appellate review of factual findings or legal conclusions, except for plain error.** ***Ortiz v. San Antonio Fire Dep't*, 806 F.3d 822, 825 (5th Cir. 2015).**

Signed on October 8, 2025, at Houston, Texas.

_____
**Dena Hanovice Palermo
United States Magistrate Judge**